UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRO MUSIC RIGHTS, LLC, | Civil Case No.: 1:19-cv-11598 |
| Plaintiff, | |
| v. | **COMPLAINT FOR** |
| | **COPYRIGHT INFRINGEMENT** |
| AMAZON.COM, INC., | **AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Pro Music Rights, LLC ("PMR" or "Plaintiff") files this Complaint against Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), based on Defendant's willful infringement of copyrighted musical works pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") and Defendant's deliberate scheme to withhold payment to Plaintiff.

## NATURE OF ACTION

1. Plaintiff owns the copyrights and/or has sufficient exclusive rights to the registered copyrights infringed by Defendant.

2. Plaintiff brings this action to remedy Defendant's infringement and theft of royalties for copyrights.

3. Plaintiff placed Amazon on notice that it is required to remit royalty payments to Plaintiff for the streams of its songs and to obtain public performance licenses for the public performance of songs on Amazon's platform.

4. By virtue of Amazon's Notices of Intent to Obtain a Compulsory License, which it provided to Plaintiff, Amazon acknowledged that Plaintiff's musical works lacked the consents and authorizations necessary to exploit them.

5. To date, however, Amazon has not paid royalties for streams of Plaintiff's songs on Amazon Music and continues to stream Plaintiff's music without license, and without any compensation made to copyright holders, in blatant disregard of the Copyright Act.

6. Amazon is legally obligated to pay royalties for streamed music.

## THE PARTIES

7. PMR is a limited liability company organized and existing under the laws of Florida with its principal place of business at 3811 Airport Pulling, STE 203, Naples, Collier County, Florida 34105.

8. PMR is a for-profit performing rights organization that collects license fees on behalf of the artists, songwriters, composers, music publishers and other rightsholders with whom it is affiliated and then distributes the license fees as royalties to those affiliates whose works have been publicly performed. It is the fifth ever formed public performance rights organization in the United States (behind BMI, ASCAP, SESAC and GMR) with an estimated 7.4% market share based on the approximately 2,000,000 works in its repertory. PMR's sole member is a citizen and resident of the State of Florida.

9. PMR has a number of reputable artists in its cache including, OG Maco, best known for his 2014 debut single "U Guessed It," which went viral and peaked at number 90 on the U.S. Billboard Hot 100.

10. PMR has been granted the right to license the public performance rights in approximately two million (2,000,000) copyrighted musical works ("Repertoire"), including those which are alleged herein to have been infringed by Defendant. Some of those works feature notable artists such as A$AP Rocky, Wiz Khalifa, Pharrell, Young Jeezy, Juelz Santana, Lil Yachty, MoneyBaggYo, Larry June, Trae Pound, Sause Walka, Trae Tha Truth, Sosamann, Soulja Boy, Lex Luger, Lud Foe, SlowBucks, Gunplay, OG Maco, Rich The Kid, Fat Trel, Young Scooter, Nipsey Hussle, Famous Dex, Boosie Badazz, Shy Glizzy, 2 Chainz, Migos, Gucci Mane, Young Dolph, Trinidad James and Fall Out Boy.

11. Plaintiff owns the copyrights and/or has sufficient exclusive rights with respect to the works in Repertoire.

12. Jake P. Noch ("Noch"), a musical prodigy, is the founder, Chief Executive Officer and sole member of PMR. Noch founded PMR when he was twenty years old.

13. Upon information and belief, Defendant Amazon is a corporation organized under the laws of the State of Delaware, with its principal place of business in Seattle Washington, and maintaining corporate offices in New York, New York.

14. Amazon Music is a music and video streaming service developed, owned and operated by Amazon.

15. Upon information and belief, at all times material hereto, Defendant operated through the acts of its employees, agents, representatives, servants, and the like, acting within the course of their employment and scope of duties.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338,

17 U.S.C. § 501 and under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400.

18. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

19. Additionally, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (c) because Defendant's contacts would be, and are, sufficient to subject them to personal jurisdiction in this district.

20. Amazon provides its interactive streaming service and platform to individuals located in New York and New York residents, and it has targeted business efforts into this judicial district and has entered into multiple agreements for its interactive streaming services with residents and citizens of this judicial district.

21. Upon information and belief, Amazon has thousands of registered users in New York.

22. The musical works at issue in this action have been streamed throughout New York.

23. In addition to employing New York residents in its New York corporate office, Amazon advertises, solicits clients, and conducts substantial amounts of business in the state of New York and within this district.

24. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

25. The copyright in every musical work at issue was registered in the United States Copyright Office and otherwise satisfies the Copyright Act. 17 U.S.C. §§ 409-412.

## FACTS

26. Pursuant to the Copyright Act, musical works appearing on Amazon Music's service must be properly licensed and appropriate royalties must be paid to copyright owners.

27. Amazon has streamed Repertoire hundreds of thousands of times without ever entering into a license agreement with Plaintiff for payment of public performance royalties and/or monetarily compensating Plaintiff for such exploitation.

28. Amazon did not report to Plaintiff the use and exploitation of its music because Amazon was earning (and continues to) financially benefit from its infringing conduct.

29. Amazon earns revenue from various forms of advertising. This includes "banner" and "sponsored link" advertising that is placed on Amazon's webpages containing infringing works.

30. Plaintiff's music enhances Amazon's reputation and credibility in the industry by having access to music of the kind and quality in the Repertoire. Amazon financially benefits from the overall increase in user traffic and commercial value of its business arising from the "draw" of the availability of the infringing works.

31. During the course of Defendant's exploitation, Amazon had knowledge and was also made aware of the Copyright Act, along with Plaintiff's and the ultimate copyright holder's rights, with which it was obligated to comply.

32. In a letter dated August 14, 2018, Plaintiff educated Amazon as to its

5

obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical works in Repertoire and attached a copy of PMR's license agreement for execution. Plaintiff placed Amazon on notice of an impending lawsuit, stating that if Amazon deliberately chose to continue violating the Copyright Act by publicly performing Repertoire, litigation in federal court would ensue.

33. In letters to PMR dated September 5, 2018, and August 23, 2018, the Statutory Licensing Division of Music Reports, on behalf of Amazon, enclosed a Notice of Intention to Obtain a Compulsory License – but not a license to publicly perform music.

34. In a follow-up letter to Amazon dated November 11, 2018, Plaintiff identified numerous musical works for which Plaintiff had substantial evidence confirming Amazon's copyright infringement and again sought to negotiate a licensing arrangement to avoid litigation.

35. Despite PMR's persistent efforts, Amazon failed to enter into a license agreement with either Plaintiff.

36. Upon information and belief, none of the owners of the copyrights of any of the musical works in Repertoire has issued a license to Amazon and/or has been monetarily compensated for all views on any musical work.

37. Plaintiff alleges claims of willful copyright infringement based on Amazon's unauthorized public performance of the registered copyrights identified on Exhibit 1 (the "Schedule") incorporated herein.

38. Each of the aforementioned musical works has been duly registered with the United States Copyright Office. The corresponding copyright number for each musical work

is listed on the Schedule.

## COUNT ONE
### (Copyright Infringement)

39. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1-38 as if set forth fully herein.

40. Amazon has, without a public performance license, publicly performed and/or publicly distributed Repertoire through its web-based streaming service notwithstanding repeated warnings from Plaintiff that such performance constituted infringement of copyright in violation of 17 U.S.C. § 101, *et seq.*

41. Each of Amazon's acts on infringement referenced herein was willful within the meaning of 17 U.S.C. § 101, *et seq.*

42. The specific acts of copyright infringement alleged, as well as Amazon's entire course of conduct, has caused Plaintiff to incur damages in an amount to be determined at trial. By continuing to stream Repertoire without license, Defendant threatens to continue committing copyright infringement. Unless this Court restrains Defendant from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for an order and judgment against the Defendant as follows:

1. entering judgment that Defendant infringed the copyrights in violation of the Copyright Act;

2. declaring that Defendant has engaged in willful infringement of copyrights in willful violation of the Copyright Act;

3. awarding Plaintiff's actual, compensatory, statutory and punitive damages, and its costs and attorneys' fees, to the full extent allowed by law;

4. declaring that Defendant is directly liable for copyright infringement;

5. declaring that Plaintiff is entitled to receive all revenue associated with all exploitations of infringed works, commencing from the date of judgment and for all amounts not taken into consideration in the judgment;

6. entering an award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, inclusive of the injury to the market value of infringed copyrights, and the profits of Defendant as will be proven at trial or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c), $150,000.00 for each act of willful infringement with respect to the copyrights involved in the action;

7. entering an injunction preliminarily and permanently enjoining Defendant and its respective officers, directors, managers, members, partners, employees, servants, agents, successors, affiliates and assigns from further infringement of the copyrights under 17 U.S.C. § 502 and otherwise assisting, aiding or abetting any other person or entity from violating thereof;

8. entering an order requiring Defendant to file with the Court and serve on Plaintiff's counsel within thirty (30) days after entry of any injunction, a report in writing, under oath, setting forth in detail the manner in which Defendant has complied with the Court's orders;

9.	awarding attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and under other applicable law;

10.	awarding restitution and disgorgement and imposing a constructive trust;

11.	awarding Defendant's profits earned by virtue of its wrongful conduct, in an amount that will be proved at trial;

12.	ordering an accounting;

13.	awarding punitive damages;

14.	awarding costs of suit and pre-judgment and post-judgment interest according to law, as applicable;

15.	retain jurisdiction over this action to implement and carry out the terms of all orders and decrees that may be entered; and

16.	entering such other and further relief, including legal, statutory and equitable, as this Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff Pro Music Rights, LLC hereby demands a jury trial on all issues triable by a jury.

Dated: December 18, 2019 	Respectfully submitted,

                                       **GORA LLC**

By: /s/ Richard Gora
     Richard Gora
     (203) 424-8021
     rich@goralaw.com
     Sinead Rafferty*
     (646) 298-8523
     sinead@goralaw.com
     **Gora LLC**
     2 Corporate Dr., Suite 210
     Trumbull, CT 06611
     *\* Pro Hac Vice Forthcoming*

**ATTORNEYS FOR THE PLAINTIFF
PRO MUSIC RIGHTS, LLC**